UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ISIDRO ALMONTE,
               Petitioner,

    -against-

                                           MEMORANDUM & ORDER

PEOPLE OF THE STATE of NEW YORK,            07 CV 70

               Respondent.
----------------------------------------------------------X
DEARIE, District Judge.



       Pro se petitioner Isidro Almonte seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth in respondent's opposition and below, petitioner's application is denied, and the petition is dismissed.

## Background

       At 7:00 p.m. on July 20, 2002, Magdeleno Cruz went to a dance club near his home. By the time he left the club, around 2:30 a.m. the next morning, he had consumed approximately ten beers. On his walk home, Cruz saw petitioner sitting outside on a stoop. Petitioner was an acquaintance whom he often greeted at the local corner store. Although they had never shaken hands before, petitioner extended his hand for a handshake. Cruz shook his hand, but when he tried to pull his hand back, petitioner did not release his grip. While petitioner continued to hold on, Cruz was struck on the face from behind. He fell to his knees, and he felt someone remove his wallet from his back pocket. Money was taken from his wallet, and the wallet was thrown to the ground. When Cruz stood up, he saw three people running away. Petitioner remained seated on the stoop in front of him. Cruz did not report the incident to the police until later that day, after sleeping for a few hours. Approximately ten days later, Cruz saw petitioner at the store,

called the police, and identified petitioner as one of the robbers.

Following a jury trial, petitioner was convicted of two counts of robbery in the second degree and assault in the second degree. On March 27, 2003, he was sentenced to two terms of three and one-half years in prison for the robbery counts and one term of two years in prison for the assault count, to run concurrently. Petitioner appealed, arguing that the evidence was insufficient to establish his identity as a robber, that the verdict was against the weight of the evidence, that the evidence was insufficient to establish that the victim suffered physical injury, and that the he was deprived of a fair trial as a result of the prosecutor's summation.

The Appellate Division vacated petitioner's conviction on one of the robbery counts and on the assault count on the ground that there was insufficient evidence of physical injury. Petitioner's remaining claims were rejected as unpreserved for appellate review, and in the alternative, meritless. With respect to petitioner's claim that there was insufficient evidence of his identity, the court concluded "[t]he[] discrepancies in the complainant's prior statements to a police officer and the complainant's trial testimony, and the inconsistencies between the complainant's testimony and that of the police officer, were not of such magnitude as to render the complainant's testimony incredible or unreliable as a matter of law." People v. Almonte, 806 N.Y.S.2d 95, 96 (App. Div. 2005). In addition, with respect to petitioner's claim that the prosecutor's summation deprived him of a fair trial, the court found that "most of the challenged remarks were either responsive to the defense counsel's summation or fair comment upon the evidence. To the extent that some of the remarks were improper, they were not so flagrant or pervasive as to deny the defendant a fair trial." Id. at 97 (internal citations omitted).

Petitioner seeks a writ of habeas corpus on the grounds he raised unsuccessfully on direct

appeal. Respondent contends that petitioner's claims are procedurally barred from habeas review and, in any case, lack merit.

## Discussion

Petitioner's claims were rejected in state court as procedurally defaulted and, in the alternative, meritless. Claims rejected on independent and adequate state procedural grounds cannot be reviewed by this Court absent a showing of cause for the default and prejudice therefrom, or that a fundamental miscarriage of justice will result. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Petitioner has not offered any cause for the default, nor has he made a showing that a fundamental miscarriage of justice will result. Moreover, "when a state court has expressly relied on a procedural default as an independent and adequate state ground, even where the state court has also ruled in the alternative on the merits of the federal claim," the rejected claim is not subject to habeas review. Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990); see also Harris v. Reed, 489 U.S. 255, 264 n.10 (1989) (federal court must "honor" state invocation of procedural rule even if state also rules on federal question).

In any case, the Appellate Division decision rejecting petitioner's claims was neither contrary to, nor an unreasonable application of, clearly established federal law. Accordingly, habeas relief is not warranted. See 28 U.S.C. § 2254(d)(1) (a writ of habeas corpus "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States").

Sufficiency Claim

Due process requires that "every fact necessary to constitute the crime . . . charged" is proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 315 (1979) (quoting In re Winship, 397 U.S. 358, 364 (1970)). When reviewing a sufficiency claim, the Court must determine whether, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319 (emphasis in original). A petitioner is entitled to habeas corpus relief only if "upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Id. at 324. The Court must defer to the jury's assessment of credibility. Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir. 1996).

Under N.Y. Penal Law § 160.10(1), "[a] person is guilty of robbery in the second degree when he forcibly steals property and when . . . he is aided by another person actually present." Viewing the evidence in the light most favorable to the prosecution, a rational juror could find all of the elements of second degree robbery. The victim testified that petitioner was an acquaintance whom he often greeted at the local corner store. On the night of the incident, petitioner extended his hand for a handshake and did not release his grip. While petitioner continued to hold the victim's hand, he was hit from behind, his wallet was removed from his pants pocket, and his money was taken. The victim also testified that during the attack, petitioner said "Take out his shit, hurry up." (Tr. 268).

Petitioner contends that his identity as one of the participants in the robbery was not proved beyond a reasonable doubt because the victim gave inconsistent accounts of the incident, was drunk at the time of the incident, and delayed reporting the incident. These are issues of

4

credibility, not sufficiency. As set forth by the Appellate Division, "the[] discrepancies and inconsistencies, along with the complainant's intoxication and his delay in reporting the incident to the police, were all fully explored at trial and were matters to be considered by the jury in assessing the complainant's credibility." Almonte, 806 N.Y.S.2d at 96.

Prosecutorial Misconduct Claim

"It is a 'rare case' in which improper comments in a prosecutor's summation are so prejudicial that a new trial is required." United States v. Rodriguez, 968 F.2d 130, 142 (2d Cir.1992); see also Floyd v. Meachum, 907 F.2d 347, 348 (2d Cir. 1990) (rare case where improper summation comments so numerous and, and taken together, so prejudicial that habeas relief warranted). Comments by a prosecutor, even if "undesirable" or "universally condemned," do not amount to constitutional error unless they "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Darden v. Wainwright, 477 U.S. 168, 181 (1986) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)).

Petitioner contends that the prosecutor repeatedly mischaracterized the defense points regarding the victim's credibility as argument that the victim deserved to be robbed because he was drunk and claims that the prosecutor improperly commented that the defense was trying to "create a smoke screen." (Tr. 383). Petitioner also argues that the prosecutor made confusing comments about what constitutes reasonable doubt and repeatedly misrepresented the evidence. In addition, petitioner contends that the prosecutor attempted to shift the burden of proof by arguing that the victim had no motive to lie. As detailed more fully in respondent's brief, the bulk of the prosecutor's remarks were either responsive or fair comment. Moreover, even

5

assuming some of the comments were excessive, the Court agrees with the Appellate Division's conclusion that "they were not so flagrant or pervasive as to deny the defendant a fair trial." Almonte, 806 N.Y.S.2d at 97.

## Conclusion

For the reasons stated above, the application for a writ of habeas corpus is denied, and the petition is dismissed. Because petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue. In addition, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith. Coppedge v. United States, 369 U.S. 438 (1962). The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
June 5, 2007

S/Raymond J. Dearie, USDJ

RAYMOND J. DEARIE
United States District Judge